UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARVER, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK MELLON, *et al.*,<br><br>　　　　　　Defendants. | Case. No. 1:15-cv-10180-JPO-JLC |

**ORDER AND FINAL JUDGMENT**

WHEREAS, a putative class action is pending in this Court captioned *Carver et al. v. Bank of New York Mellon, et. al.*, No. 1:15-cv-10180-JPO-JLC (S.D.N.Y.) (the "Action");

WHEREAS, (a) Hedy L. Anselman, David Baumann in his capacity as Trustee of the Teamsters Employers Local 945 Pension Fund, Carl Carver, Dante A. Dano, Jr., Edward C. Day, Landol D. Fletcher, Timothy R. Garrett, Dana Kellen, Deborah Jean Kenny, Lisa Parker, Edwin Scheibel, and Daryl Watkins (collectively "Named Plaintiffs"), in their respective capacities as participants, beneficiaries, and/or trustees of one or more of the seven employee benefit plans named in the First Amended Consolidated Class Action Complaint (Dkt. No. 93), on behalf of themselves and the Settlement Class (as defined below), and (b) The Bank of New York Mellon and BNY Mellon, National Association (collectively "Defendants" or "BNYM") have determined to settle the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 14, 2018, (the "Stipulation" or the "Settlement") (ECF 194), subject to the approval of this Court;

WHEREAS, unless otherwise defined in this Order and Final Judgment, the capitalized terms used herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated December 20, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) provisionally certified the Settlement Class

solely for purposes of effectuating the Settlement; (c) directed that notice of the proposed Settlement be provided to Settlement Class Members; (d) provided Settlement Class Members with the opportunity to object to the Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on May 23, 2019 (the "Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Order and Final Judgment incorporates and makes a part hereof the Stipulation filed with the Court on December 14, 2018. (Dkt. No. 194.)

3. **Certification of the Class for Purposes of Settlement** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class defined as all participants, beneficiaries, trustees, and fiduciaries of ERISA Entities that held, directly or indirectly, BNYM ADRs for which Defendants (or their affiliates or predecessors in interest) in their capacity as an ADR depositary provided foreign exchange transactional services at any time during the Settlement Class Period (the "Settlement Class" and each a "Settlement Class

Member"). "ERISA Entity" means an ERISA plan and any trust, pooled account, collective investment vehicle, or group insurance arrangement that files a Form 5500 annual report as a Direct Filing Entity ("DFE") in accordance with the DFE Filing Requirements, such as a group trust, master trust investment account (MTIA), common/collective trust (CCT), pooled separate account (PSA), 103-12 investment entity (102-12 IE), group insurance arrangement (GSA), or other collective investment vehicle that held plan assets as defined by the U.S. Department of Labor "Instructions for Form 5500, Annual Return/Report of Employee Benefit Plan." The "Settlement Class Period" is the period from January 1, 1997 through the date of the Preliminary Approval Order.

4. Named Plaintiffs are hereby appointed, for purposes of effectuating the Settlement only, as representatives for the Settlement Class for purposes of Rule 23 of the Federal Rules of Civil Procedure. Ciresi Conlin LLP and McTigue Law LLP, which were appointed by the Court to serve as Interim Co-Lead Counsel, are hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice and Validation Letter, the posting of the Notice, and the publication of the Publication Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) provided notice in a reasonable and appropriate manner to all Settlement Class Members; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Named Plaintiffs); (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including Service Awards to Named Plaintiffs); and (v) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive

notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

6. **CAFA** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7. **Plan of Allocation** - The Court hereby finds and concludes that the Plan of Allocation made available to Settlement Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity. The Court therefore finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class and approves the Plan of Allocation proposed by Named Plaintiffs.

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9. The Action is hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10. **Binding Effect** – The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Defendants, Named Plaintiffs, and all Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form, seeks or obtains a distribution from the Net Settlement Fund, or objected to the Settlement), as well as their respective successors and assigns.

11. **Releases** – The Releases set forth in ¶ 5 of the Stipulation, together with the

definitions contained in ¶ 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

      a.    Pursuant to this Order and Final Judgment, without further action by anyone, and subject to ¶ 11(b) below, upon the Effective Date of the Settlement, Named Plaintiffs and each and every Settlement Class Member, on behalf of themselves and each Settlement Entity of which they are a participant, beneficiary, trustee, or fiduciary and each of their respective predecessors, successors, beneficiaries, and assigns, direct and indirect parents, subsidiaries and affiliates, their current and former sponsors, administrators, officers, directors, named fiduciaries, trustees, investment managers, investment advisors, employees, agents, and legal representatives, and the predecessors, successors, heirs, executors, administrators, beneficiaries, and assigns of each of the foregoing shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against any of the Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Parties. All Settlement Class Members shall be bound by the terms of the Releases set forth in the Stipulation whether or not they obtain a recovery from the Net Settlement Fund, or seek, or actually receive a distribution from the Net Settlement Fund.

      b.    Notwithstanding ¶ 11(a) above, nothing in the Order and Final Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order and Final Judgment.

12.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.    **No Admission** – Except as set forth in the Stipulation and in ¶ 14 below, neither this Order and Final Judgment and/or the Stipulation (whether or not consummated), nor any

negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with the settlement negotiations, proceedings, or agreements, shall be offered or received against any or all of the Parties or Released Parties for any purpose, and in particular:

    a.    do not constitute, and shall not be offered or received against Defendants or the other Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants or the Released Parties with respect to the truth of any fact alleged by Named Plaintiffs or any other Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or the other Released Parties.

    b.    do not constitute, and shall not be offered or received against Defendants or the other Released Parties as evidence of, a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Defendants or the Released Parties, or against Defendants, the Released Parties, Named Plaintiffs, or any other Settlement Class Member as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

    c.    do not constitute, and shall not be offered or received against Defendants or the other Released Parties as evidence of, a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against Defendants or the Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    d.    do not constitute, and shall not be construed against Defendants or the other Released Parties as, an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

    e.    do not constitute, and shall not be construed as or received in evidence as,

an admission, concession, or presumption against Named Plaintiffs or any other Settlement Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints filed in the Action would not have exceeded the Settlement Amount.

14. The Parties, including Released Parties, may file or refer to the Stipulation, this Order and Final Judgment, and/or any Claim Form submitted on behalf of a Settlement Entity to effectuate the liability protection granted thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Parties, including Released Parties, may file the Stipulation and/or this Order and Final Judgment in any action that may be brought to enforce the terms of the Stipulation and/or this Order and Final Judgment; however, in no event shall any Party use in the litigation of this Action, for any purposes other than the implementation of the Settlement, information disclosed by any Party during and for the purpose of the negotiation and implementation of the Settlement. All Released Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Order and Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Plaintiffs' Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve distribution of the Net Settlement Fund to Authorized Recipients; and (e) the Settlement Class Members for all matters relating to the Action.

16. A separate order shall be entered regarding the motion of Lead Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, including Service Awards. Such orders shall in no way affect or delay the finality of this Order and Final Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Named Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Final Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Named Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provision of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order and Final Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order and Final Judgment shall be without prejudice to the rights of Named Plaintiffs, Settlement Class Members, and Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately prior to the execution of the Term Sheet on September 27, 2018, as provided in the Stipulation. Except as otherwise provided in the Stipulation, in the event the Settlement is terminated in its entirety or if the Effective Date fails to occur for any reason, the balance of the Settlement Fund including interest accrued therein, less any Notice and Administration Costs paid, incurred or owing and less any Taxes and Tax Expenses paid, incurred or owing, shall be refunded to BNYM (or such other Persons as BNYM may direct) in accordance with the Stipulation.

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

**The Clerk of Court is directed to close all open motions in this case and to close this case and its member cases, Nos. 16 Civ. 228 and 17 Civ. 10231.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**

SO ORDERED this 23rd day of May, 2019

_____
J. PAUL OETKEN
United States District Judge